# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| THE HOUSING AUTHORITY OF THE | ) | |
|---|---|---|
| CITY OF PICHER, OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0322-CVE-PJC |
| | ) | |
| UNITED STATES OF AMERICA, ex rel. | ) | |
| SECRETARY, DEPARTMENT OF HOUSING | ) | |
| AND URBAN DEVELOPMENT; and BOARD | ) | |
| OF COUNTY COMMISSIONERS OF THE | ) | |
| COUNTY OF OTTAWA, OKLAHOMA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are the motion for extension of deadlines (Dkt. # 24) and the motion for additional time to respond (Dkt. # 25) filed by defendant Board of County Commissioners of the County of Ottawa, Oklahoma (Board). The Court ordered expedited responses to both motions (Dkt. # 26), and defendant United States of America has responded (Dkt. ## 28, 29).

### I.

In 2007, the Picher Housing Authority (PHA) contracted with the Department of Housing and Urban Development (HUD) to construct and operate a low-income housing project in Picher, Oklahoma. Dkt. # 25, at 1-2. The PHA insured the project. Id. at 2. In 2008, a tornado struck Picher, destroying the insured property. Id. The PHA made a claim under its insurance policy, and the insurer paid approximately $1.6 million; the PHA deposited the funds in a local bank account. Id. In 2009, the City of Picher was disincorporated and went into receivership. Id. As part of the winding up process and in response to demands from both defendants, the PHA filed an action in

Oklahoma state court interpleading the funds remaining from the insurance payout. Dkt. # 2, at 4-7. The United States timely removed to this Court on June 16, 2014. Dkt. # 2. The PHA has been dismissed as a party. Dkt. # 22. The Court entered a scheduling order on July 18, 2014 that set November 17, 2014 as the discovery deadline. Dkt. # 13.[1] The United States filed a motion for summary judgment on October 14, 2014. Dkt. # 20. The Board's previous counsel retired from practice on November 3, 2014, and the Board approved retention of new counsel on November 5, 2014. Dkt. # 24, at 3. The Board filed its motions on November 6, 2014. Dkt. ## 24, 25.[2]

## II.

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 7.2(g), the Board moves for a ninety day extension of all deadlines. Dkt. # 24, at 1. Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" Strope v. Collins, 315 F. App'x 57, 61 (10th Cir. 2009)[3] (quoting Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)). An extension of time is necessary, the Board

---

[1] The scheduling order was amended by minute order on August 5, 2014. Dkt. # 19. The order affected only the deadlines for the pretrial conference, exchange of demonstrative exhibits, and non-jury trial. Id.

[2] Under the applicable Local Civil Rule, the Board's response to the motion for summary judgment was due November 4, 2014, twenty-one days after the motion was filed. LCvR 7.2(e). In its motion for extension of deadlines, the Board states that the deadline was November 6, 2014. Dkt. # 24, at 4. The United States agrees that the Board's response was due on November 6, 2014. Dkt. # 28, at 2. As the United States agrees to the later date, the Court will consider both motions without addressing their apparent untimeliness.

[3] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

2

contends, to allow its new counsel to become familiar with the case, especially with the looming discovery deadline. Dkt. # 24, at 3-4. The United States responds that the Board has not been diligent in meeting deadlines and that its inaction for four months should not be overlooked. Dkt. # 28, at 1-3. According to the United States, the Board failed to provide its initial disclosures and its answers to the United States' first set of discovery requests within the time allotted by the scheduling order and the Federal Rules of Civil Procedure. Id. The United States also argues that the Board conducted no discovery in the four months prior to its motions, and that its decision to hire new counsel on the day before a response to the United States' motion for summary judgment was due should not be considered good cause under Rule 16. Dkt. # 28, at 2-3.

The Court does not condone the Board's failure to act. The Board should have been aware of its counsel's decision to retire and should have hired new counsel well before the retirement date. However, the Board hired new counsel without noticeable delay once its previous counsel's retirement was imminent, and the new counsel has acted quickly since taking over the case. The Court will not hold the Board's new counsel wholly responsible for the actions of previous counsel. If the United States is correct and the Board's previous counsel conducted little to no discovery, then not to extend the deadlines would almost certainly result in the Board being unable to muster any facts in opposition to the United States' motion for summary judgment, essentially deciding the case. In a variety of contexts, the Tenth Circuit has expressed a preference that cases be decided on the merits, not on technicalities. E.g., Lee v. Max Int'l, LLC, 638 F.3d 1318, 1321 (10th Cir. 2011) ("Of course, our legal system strongly prefers to decide cases on their merits."); Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield

3

a meritorious claim."). The Court finds that, in the context of this case, the Board's need to retain new counsel--and counsel's need to familiarize himself with the case--constitutes good cause under Rule 16(b)(4) to extend the discovery deadline and other unexpired deadlines in this case. The Court will therefore offer the Board and its new counsel some relief, if not the full relief requested. The Court grants the Board's motion for extension of deadlines (Dkt. # 24) and allows the Board an additional forty-five days to complete discovery.

### III.

The Board has also moved, pursuant to Rule 56(d), for additional time to respond to the United States' motion for summary judgment (Dkt. # 20). The Board requests this Court hold the motion for summary judgment in abeyance until after the discovery cutoff. Dkt. # 25, at 7. Rule 56 states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d)(1)-(3). "The party requesting additional discovery must present an affidavit that identifies 'the probable facts not available and what steps have been taken to obtain these facts. The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact.'" F.D.I.C. v. Arciero, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006)).

The affidavit of the Board's counsel states that the Board cannot respond to the motion for summary judgment without further discovery, pointing specifically to the need to depose a number of individuals, including: Johnny Sparkman and Gregory Jungman, whose affidavits the United States cites in its motion; Ed Crone, the receiver for the City of Picher; a number of as-yet

4

unidentified individuals associated with the PHA's purchase of insurance; and a representative of the local bank into which the PHA deposited the insurance proceeds. Dkt. # 25-1, at 3-4. According to the affidavit, these depositions are necessary to respond to the United States' arguments and to support the Board's theory of the case. Id. at 4-5. The United States responds that the need to depose these individuals has been known at least since the United States' initial disclosures. Dkt. # 29, at 2. Thus, the United States argues, the Board has taken no steps to obtain the relevant facts, and it should not be permitted to delay responding to the motion for summary judgment. Id. The Court finds that the Board has adequately met the requirements of Rule 56(d). The Court grants the Board's motion for additional time to respond (Dkt. # 25); the Board need not respond to the United States' motion for summary judgment (Dkt. # 20) until twenty-one days from the date of the new discovery deadline.

**IT IS THEREFORE ORDERED** that the Board's motion for extension of deadlines (Dkt. # 24) is hereby **granted**. The discovery deadline will be extended to **January 2, 2015**, and all other unexpired deadlines will be extended forty-five days from the dates in the scheduling order (Dkt. # 13) and minute order (Dkt. # 19). An amended scheduling order for all unexpired deadlines will be entered forthwith.

**IT IS FURTHER ORDERED** that the Board's motion for additional time to respond (Dkt. # 25) is hereby **granted**. The Board's response to the United States' motion for summary judgment (Dkt. # 20) is hereby due **January 23, 2015.** The United States' reply will be due on **February 6, 2015**.

**DATED** this 17th day of November, 2014.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE